IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00264-F

| | |
|---|---|
| DENISE PAYNE, et al.,<br>Plaintiffs, | )<br>)<br>) |
| v. | )     O R D E R |
| AAC INVESTMENTS, INC.,<br>Defendant. | )<br>)<br>)<br>) |

This matter is before the court on Defendant's Motion to Dismiss [DE-8] and Defendant's Motion for Attorney's Fees [DE-10]. The motions have been fully briefed and are ripe for disposition.

## I. BACKGROUND

Denise Payne ("Payne") and National Alliance For Accessibility, Inc. ("National Alliance") (collectively, "Plaintiffs") filed suit under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). Compl. [DE-1]. In this action, Plaintiffs seek a declaratory judgment; injunctive relief; and an award of attorney's fees, costs and litigation expenses. *Id.*

Payne is disabled with cerebral palsy. Pls.' Opp'n Def.'s Mot. Dismiss [DE-12], Ex. 1 Affidavit of Denise Payne ("Payne Aff.") ¶ 1. She is unable to walk and has very limited use of her hands. *Id.* Payne is a member and the founder of the organization National Alliance. *Id.* at ¶ 4; Compl. ¶ 5, 6. The members of National Alliance include individuals with disabilities, as defined by the ADA. Compl. ¶ 15. The purpose of NAA is to represent the interests of its members by assuring that places of public accommodation are accessible and usable by the disabled and that its members are not discriminated against on the basis of their disabilities. *Id.*

during recent years. Payne Aff. ¶¶ 2, 3. Payne is an advocate for disabled persons and a tester who monitors the level of compliance by places of public accommodation. *Id.* at ¶ 7. On July 26, 2010 and April 1, 2012, Payne visited defendant's property, Brier Creek Commons Shopping Center, which is located at 8000 Brier Creek Parkway in Raleigh, North Carolina. Compl. ¶¶ 4, 9, 16. During both of Payne's visits to the shopping center, she encountered architectural barriers which allegedly endangered her safety. *Id.* ¶¶ 5, 9.

National Alliance is a non-profit corporation with its principal office in Fort Lauderdale, Florida. *Id.* ¶ 1; Payne Aff. ¶ 4. Payne is in the process of establishing a local chapter of National Alliance in Asheville and in Raleigh to give the organization a presence in North Carolina. Payne Aff. ¶ 4. Eight members of National Alliance are residents of North Carolina. *Id.* ¶ 5.

## II. ANALYSIS

### A. Motion to Dismiss

On August 7, 2012, AAC Investments, Inc. ("AAC" or "Defendant") moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [DE-8]. AAC argues that the court should dismiss Plaintiffs' claims for lack of subject-matter jurisdiction on the basis that Plaintiffs lack standing under Article III of the U.S. Constitution. Def.'s Mem. Supp. Mot. Dismiss [DE-9]. Specifically, AAC argues that Payne lacks standing as an individual because she has not suffered an injury-in-fact, and NAA lacks organizational standing because Payne and/or other members of the organization lack standing. *Id.*

A Rule 12(b)(1) motion challenging subject matter jurisdiction questions the "very power" of the court to hear the case. *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007).

2

Subject matter jurisdiction can't be forfeited or waived, and as such, it can be raised at any time. *Id.* When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the court can consider evidence outside of the pleadings without converting the motion into one for summary judgment. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999). The burden of establishing that subject matter jurisdiction exists rests with the plaintiff. *Id.*

Both individual and organizational plaintiffs must satisfy the standing requirement. *White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 458 (4th Cir. 2005). "The standing requirement is designed to guarantee that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate." *Long Term Care Partners, LLC v. U.S.,* 516 F.3d 225, 231 (4th Cir. 2008) (quoting *Emery v. Roanoke City Sch. Bd.,* 432 F.3d 294, 298 (4th Cir. 2005) (internal quotations omitted)). In order to establish the existence of Article III's standing requirements, a plaintiff must show that: (1) "the plaintiff . . . suffered an injury in fact-an invasion of a legally protected interested which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there [is] a causal connection between the injury and the conduct complained of"; and (3) "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (citations and internal quotation marks omitted).

The first element requires a plaintiff to show an "injury in fact" that is concrete and particularized, and actual or imminent, not merely conjectural or hypothetical. *Long Term Care Partners, LLC,* 516 F.3d at 231 (citing *Lujan,* 504 U.S. at 560-61). An intent to return to the place where the alleged injury first occurred "' some day[,] . . . without any description of concrete plans, . . . do[es] not support a finding of the 'actual or imminent' injury[.]" *Lujan,* 504

3

U.S at 564.

### 1. Denise Payne's Standing

Payne has not shown that she has suffered an injury in fact. Although the Complaint does not state where Payne resides, according to her affidavit, Payne resides in the state of Florida. Payne Aff. ¶ 2. As noted, defendant's property is located in Raleigh, North Carolina. The Complaint provides: "Plaintiff Payne intends to visit North Carolina in the future." Compl. ¶ 14. In her affidavit, Payne states, "At the time I filed the Complaint, I intended to visit the Defendant's property again[.]" Payne Aff. ¶ 8. The undersigned concludes that these are merely "some day" intentions, which do not support a finding of actual or imminent injury that Article III requires. In short, the assertions contained in both the Complaint and in Payne's affidavit show an absence of any definitive plan by Payne to visit Defendant's property in the future. Accordingly, Payne has failed to show she has standing to bring this lawsuit.

### 2. NAA's Standing

"An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 181 (2000).

Other than Payne, Plaintiffs have not identified any other members of NAA that have visited Defendant's property. As noted above, Payne has failed to establish that she has standing, and as such, NAA lacks standing as well.

Defendant argues that if the court grants its motion to dismiss, it is entitled to attorney's

fees. Having found that Plaintiffs lack standing and that Defendant's motion to dismiss should be allowed, the court will now address Defendant's motion for attorney's fees.

## B. Motion for Attorney's Fees

Defendant argues that if this court grants its motion to dismiss, then it is entitled to attorney's fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505 as the prevailing party. Def's Mt. For Atty's Fees [DE-10]. Defendant argues that Plaintiff's litigation history leads to a finding that this present action is "frivolous, unreasonable, or without foundation." Mem. Supp. Def's Mt. For Atty's Fees [DE-11]. Specifically, Defendant contends that Plaintiffs were aware when they filed this action of the long line of cases holding that these exact same plaintiffs lack standing to bring an ADA lawsuit against a premises located in North Carolina. *Id.* Plaintiffs contend that Defendant's motion for fees should be denied. Pls' Oppos. to Def's Mt. For Attorney's Fees [DE-13]. Specifically, Plaintiffs argue that simply because prior cases involving the same plaintiffs were dismissed does not mean that this case is frivolous. *Id.* Rather, Plaintiffs argue that standing in each case must be viewed on its own. *Id.* Moreover, Plaintiffs contend that even if this court should find that they have failed to establish standing, Defendant has not shown that this action is "frivolous, unreasonable, or without foundation." *Id.*

American courts follow a "general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). In fact, under what is known as the "American Rule," each party bears his own litigation expenses, including attorney's fees, regardless whether he wins or loses. *Fox v. Vice*, — U.S. —, 131 S.Ct. 2205, 2213 (2011). Even so, it is within the court's discretion to award the "prevailing party" in an ADA case with attorney's fees. *National Alliance for Accessibility, Inc. v. Triad*

5

*Hospitality Corp.*, No. 1:11-cv-527, 2012 WL 996661, *8 (M.D.N.C. March 23, 2012).

Prior to filing the instant action, Plaintiffs were aware of the long line of cases which have held that these exact same plaintiffs lack standing to bring ADA lawsuits against properties located in North Carolina.[1] *E.g.*, *National Alliance For Accessibility, Inc. v. W&K of Asheville, LLC*, No. 1:12cv00024-MR-DLH, 2013 WL 30131 (W.D.N.C. Jan. 3, 2013); *National Alliance For Accessibility, Inc. v. Macy's Retail Holdings, Inc.*, No. 1:11-cv-877, 2012 WL 5381490 (M.D.N.C. Oct. 30, 2012); *National Alliance For Accessibility, Inc. v. NCP Western Blvd. LLC*, No. 5:11-CV-357-FL, 2012 WL 3834931 (E.D.N.C. Sept. 4, 2012); *National Alliance For Accessibility, Inc. v. Big Lots Stores, Inc.*, No. 5:11-CV-741-FL, 2012 WL 3835870 (E.D.N.C. Sept. 4, 2012); *Payne v. TR Associates, LLC*, 880 F. Supp.2d 702 (2012); *Payne v. Sears, Roebuck and Co.*, No. 5:11-CV-614-D, 2012 WL 1965389 (E.D.N.C. May 31, 2012); *National Alliance For Accessibility v. Big Lots Stores, Inc.*, No. 1:11-cv-941, 2012 WL 1440226 (M.D.N.C. April 26, 2012). For this reason, the undersigned agrees with Defendant that this action is frivolous, unreasonable, and without foundation. Accordingly, Defendant's Motion for Attorney's Fees [DE-10] hereby is ALLOWED. Within fourteen (14) days of the filing date of this order, Defendant is DIRECTED to file appropriate supporting proof of its request sufficient for this court to determine a reasonable award. Plaintiffs shall then have ten (10) days after the date Defendant files its supporting proof within which to file any response.

### III. CONCLUSION

---

[1] Payne is no stranger to the court. In fact, Payne has filed approximately 268 lawsuits in the United States District Courts since November 2007. Def.'s Mem. Supp. Def's Mot. Dismiss [DE-9]. Of that number, approximately 83 have been filed by Payne in the United States District Courts of North Carolina. *Id.*

6

For the foregoing reasons, Defendant's Motion to Dismiss [DE-8] is ALLOWED and Plaintiffs' claims are DISMISSED in their entirety. Defendant's Motion for Attorney's Fees [DE-10] is ALLOWED.

SO ORDERED.

This, the 4th day of March, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge